```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
BRYAN VELAZQUEZ, On Behalf of Himself and All                          :
Others Similarly Situated,                                             :
                                                                       :
                              Plaintiff,                               :     22 Civ. 6510 (JPC)
                                                                       :
              -v-                                                      :     ORDER
                                                                       :
NORMA KAMALI, INC.,                                                    :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On August 1, 2022, Plaintiff sued Defendant alleging a failure to comply with the Americans with Disabilities Act and the New York City Human Rights Law. Dkt. 1. Plaintiff never served Defendant. On November 10, 2022 the Court ordered Plaintiff to show good cause for his failure to serve Defendant within 90 days of filing his Complaint, Dkt. 5, as required by Federal Rule of Civil Procedure 4(m), Fed. R. Civ. P. 4(m).

Plaintiff filed a letter with the Court on November 17, 2022 providing two reasons for his failure to serve Defendant. First, Plaintiff's and Defendant's counsel had discussed a waiver of service, though these discussions failed by September 29, 2022 and no such waiver was agreed to. Dkt. 6 at 1. Second, due to the closure of Plaintiff's counsel's office in October for religious holidays, and a vacation in October by Plaintiff's counsel, that counsel "lost track" of the due date for service. *Id.* Plaintiff requests an additional thirty days to complete service. *Id.* at 2.

Rule 4(m) requires that: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure to serve, the Court

must "extend the time for service for an appropriate period." *Id*. "The plaintiff bears the burden of proof in showing that [he] had good cause in not timely serving the defendant." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (internal quotation marks omitted). "To establish good cause 'a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control.'" *Id.* (quoting *Spinale v. United States*, No. 03 Civ. 1704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd*, 352 F. App'x 599 (2d Cir. 2009)).

Plaintiff has failed to show good cause. Plaintiff's counsel's failure to keep track of the service deadline is not an exceptional circumstance beyond Plaintiff's control, regardless of any discussions with Defendant's counsel that ended roughly a month before the service deadline. "Attorney error does not constitute good cause under Rule 4(m)." *Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 235 (2d Cir. 2010) (summary order); *accord George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 434 (S.D.N.Y. 2016).

The Court therefore dismisses this case without prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: November 21, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

2